COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      William J. Gonyea Junior v. Orian Scott

Appellate case number:    01-16-00292-CV

Trial court case number:  2014-51066

Trial court:              152nd District Court of Harris County

The reporter's record was originally due on May 24, 2016. Two court reporters reported this case: Cynthia Montalvo and Peggy Hershelman. On July 15, 2016, William J. Gonyea submitted proof of payment to court reporter Montalvo for the portion of the reporter's record Montalvo prepared. This portion of the reporter's record was filed on September 9, 2016, and included volumes 1, 2, and 4.

On August 31, 2016, court reporter Hershelman advised this Court that she reported this case on November 5, 2015 and that Gonyea had not requested or made financial arrangements for the filing of her portion of the reporter's record. On September 1, 2016, we issued a notice to Gonyea regarding the failure to make arrangements to file the remaining portion of the reporter's record and advised him that the final deadline to submit written evidence of payment or arrangements to pay for the reporter's record was 5:00 p.m. on September 5, 2016. On September 12, 2016, Gonyea filed a letter advising this Court that he was not requesting the portion of the reporter's record from Peggy Hershelman. By not requesting the entire reporter's record, Gonyea is requesting a partial reporter's record. When an appellant requests a partial reporter's record, he is to include the points or issues to be presented in the request and is then limited to those points or issues. *See* TEX. R. APP. P. 34.6(c)(1). The record does not include a request filed by Gonyea that contains the issues or points he intends to raise, as required by rule 34.6(c)(1).

Appellee, Orian Scott, subsequently filed a notice that he had requested supplementation of the reporter's record with the portion recorded by Peggy Hershelman. Scott further stated that Hershelman was required to prepare and file this portion at appellant's cost. Peggy Hershelman has advised this Court that appellant has not paid for this portion of the record.

Rule 34.6(d) provides for supplementation of the reporter's record by any party. *See* TEX. R. APP. P. 34.6(d). Rule 34.6(c)(3) provides that other parties may designate additional exhibits or portions of testimony to be included in the reporter's record. TEX. R. APP. P. 34.6(c)(2). These additions must be included in the reporter's record at appellant's cost. TEX. R.

APP. P. 34.6(c)(3). However, if the trial court finds that "all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions." TEX. R. APP. P. 34.6(c)(3).

Accordingly, we order this appeal **ABATED** and **REMANDED** to the trial court for a hearing to determine whether the portion of the reporter's record taken by Peggy Hershelman is necessary to the issues Gonyea intends to raise on appeal *See* TEX. R. APP. P. 34.6(c)(3). If the trial court finds this portion of the record is not necessary to Gonyea's issues, Scott will be responsible for payment for this supplemental reporter's record. *See id.* If, on the other hand, the trial court finds the Hershelman portion of the reporter's record is necessary to issues Gonyea intends to raise, Gonyea will be responsible for payment for this supplemental reporter's record. *See id.*

The trial court's findings issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court by **November 1, 2016**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                 ☒ Acting individually

Date: October 4, 2016